[815 NYS2d 270]

In the Matter of RICHARD K., II, et al., Respondents, v ANGELO PETRONE, as Superintendent of Schools, et al., Appellants.

Second Department, May 23, 2006

**APPEARANCES OF COUNSEL**

*Donoghue, Thomas, Auslander & Drohan,* Yonkers (*Ana I. Gonzalez* of counsel), for appellants.

*Caraballo & Mandell, PLLC*, New York City (*Dolly Caraballo* of counsel), for respondents.

## OPINION OF THE COURT

FISHER, J.

The issue presented on this appeal concerns the statutory obligation of school boards to provide health services to resident students who attend private or parochial schools in their districts.

In the fall of 2004 the petitioners' seven-year-old daughter, Isabella, was diagnosed with insulin-dependent Type I diabetes. At the time, she was a second-grade student at the St. Ann School (hereinafter St. Ann), a parochial school in Yonkers. Her condition required that her blood sugar level be tested each day before lunch, and that, depending on the result, she receive an insulin injection. The same was necessary before she participated in her once-a-week gym class. According to Isabella's doctor, in the absence of a physician, only a nurse could perform the required blood glucose testing and administer the insulin as required. A nurse was provided to St. Ann by the Board of Education of the City of Yonkers School District (hereinafter the Board), but the nurse visited the school only twice each month.

After learning of Isabella's diagnosis, the principal of St. Ann made a request that the Board provide "the necessary nursing services so that this child can return to school and participate in day to day activities safely." Approximately two weeks later, the Board denied the request, stating, without elaboration, that it was providing St. Ann with all the nursing services that the Education Law required. The petitioners, who are Isabella's parents, subsequently commenced this proceeding to compel the Board and its Superintendent of Schools, inter alia, to provide Isabella with the nursing services she requires. Meanwhile, the petitioners continued to retain a private nursing service at a cost of approximately $400 per week to perform glucose testing and administer insulin injections for Isabella at her school.

The parties here agree that a full-time nurse employed by the Board works at a public school, P.S. 17, located approximately two blocks from St. Ann, and that if Isabella attended P.S. 17, her daily need for blood glucose testing and possible insulin injection would be met. Nevertheless, in response to the petition, the Board maintained that it had no obligation, either to bring the nurse from the public school to St. Ann, or to provide transportation for Isabella to get to P.S. 17.

The Supreme Court granted the petition and, in effect, directed the Board to provide the requested nursing services to Isabella at her school, and to reimburse the petitioners for the expenses they had incurred in retaining a private nursing service to do so. This appeal ensued.

Education Law § 912 provides, in relevant part:

"The voters and/or trustees or board of education of every school district shall, upon request of the authorities of a school other than public, provide resident children who attend such school with any or all of the health and welfare services and facilities which are made available by such voters and/or trustees or board of education to or for children attending the public schools of the district. Such services may include, but are not limited to all services performed by a . . . nurse . . . . Any such services or facilities shall be so provided notwithstanding any provision of any charter or other provision of law inconsistent herewith."

It is undisputed that the daily nursing services Isabella requires because of her condition constitute "health and welfare services" within the meaning of Education Law § 912. Nevertheless, the Board has refused to make any accommodation whatsoever to meet the child's medical needs. It refuses to have the full-time nurse assigned to P.S. 17 travel the short distance to St. Ann in order to provide health services to Isabella, and it refuses to arrange for transportation so that Isabella may travel to P.S. 17 to receive those services there. Instead, the Board maintains that the part-time nursing services currently provided on two days each month at St. Ann are sufficient to satisfy the requirements of Education Law § 912. We disagree.

New York is deeply concerned that all its school children receive adequate health and welfare services, and that concern is plainly expressed in our State's Constitution and in its statutory law (see Filler v Port Washington Union Free School Dist., 436 F Supp 1231, 1236 [1977]; NY Const, art VII, § 8 [2]). Section 912 of the Education Law clearly requires that, upon request and notwithstanding any inconsistent provision of law, school boards provide resident pupils attending nonpublic schools within their districts with "all of the health and welfare services" they provide to their public school students. Moreover, those services must be provided to students attending a nonpublic school in essentially the same manner and to the same

extent as they are offered to students in the school district's public schools (*see Matter of Greve v Board of Educ. of Union Free School Dist. No. 27,* 43 AD2d 851 [1974], *affd* 36 NY2d 673 [1975]; *Matter of Cornelia v Board of Educ., Cent. School Dist. No. 1,* 36 AD2d 576 [1971], *affd* 29 NY2d 586 [1971]). On this record, we conclude that the Supreme Court properly determined that Education Law § 912 requires that Isabella be provided with nursing services equivalent to those that would concededly be available to her if she were a student attending the public schools in her district.

Out of an appropriate sense of deference to the responsibilities of the Board, however, we conclude that it should have been afforded an opportunity in the first instance to determine precisely where and by whom such equivalent services are to be provided, and we therefore modify the judgment accordingly. Nevertheless, we emphasize that it is incumbent upon the Board, and not the petitioners, to make whatever reasonable arrangements are necessary to ensure that, in compliance with Education Law § 912, Isabella's medical needs are met so that she can continue to attend St. Ann safely and, equally important, so that she can do so without unnecessary disruption to her daily school activities. Moreover, inasmuch as it was and is the Board's responsibility to provide for Isabella's medical needs while at school, the Supreme Court correctly determined that the petitioners are entitled to reimbursement by the respondents for the reasonable costs the petitioners incurred, and will continue to incur until the Board makes a new determination in accordance herewith, in connection with retaining a private nursing service to attend to Isabella's daily needs while at St. Ann.

The parties' remaining contentions are without merit.

Accordingly, we modify the judgment, on the law, by deleting the provision thereof, in effect, directing the Board of Education of the City of Yonkers to provide the requested nursing services at the St. Ann School; as so modified, the judgment is affirmed, with costs payable to the petitioners, and the matter is remitted to Angelo Petrone, the Superintendent of Schools, and the Board of Education of the City of Yonkers School District for a determination as to the precise manner in which, and the location where, the requested nursing services are to be provided, and Angelo Petrone, the Superintendent of Schools, and the Board of Education of the City of Yonkers School District shall reimburse Richard K. and Jaccel K. for the reasonable costs incurred

in having provided and in continuing to provide the requested nursing services through a private nursing company until such time as a new determination is made in accordance herewith and a new nursing arrangement is in place.

CRANE, J.P., SPOLZINO and DILLON, JJ., concur.

Ordered that the judgment is modified, on the law, by deleting the provision thereof, in effect, directing the Board of Education of the City of Yonkers to provide the requested nursing services at the St. Ann School; as so modified, the judgment is affirmed, with costs payable to the petitioners, and the matter is remitted to Angelo Petrone, the Superintendent of Schools, and the Board of Education of the City of Yonkers School District for a determination as to the precise manner in which, and the location where, the requested nursing services are to be provided; and it is further,

Ordered that Angelo Petrone, the Superintendent of Schools, and the Board of Education of the City of Yonkers School District shall reimburse Richard K. and Jaccel K. for the reasonable costs incurred in having provided and in continuing to provide the requested nursing services through a private nursing company until such time as a new determination is made in accordance herewith and a new nursing arrangement is in place.