Matter of King v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2021 NY Slip Op 04083)





Matter of King v Board of Educ. of the City Sch. Dist. of the City of N.Y.


2021 NY Slip Op 04083


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021

Before: Gische, J.P., Webber, Oing, González, JJ. 


Index No. 161077/20 Appeal No. 14124 Case No. 2021-00733 

[*1]In the Matter of Charmaine King, etc., et al., Petitioners-Respondents,
v
Board of Education of the City School District of the City of New York, et al. Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for appellants.
Arnold & Porter, Kaye Scholer LLP, New York (Kent A. Yalowitz of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Frank P. Nervo, J.) entered February 22, 2021, which granted the petition brought pursuant to CPLR article 78 seeking, inter alia, an order directing respondents to administer Covid-19 screening tests to New York City-resident children? attending petitioners' charter schools to the same extent as it provides those tests to children attending New York City public schools, and directed respondents to provide and administer Covid-19 screening tests to students and staff of charter schools upon identical terms as testing provided to public schools, unanimously modified, on the law, to the extent of directing respondents to provide and administer Covid-19 screening tests to New York City-resident children? 0nly, and not staff, attending petitioners' charter schools upon identical terms as testing provided to public schools, and otherwise affirmed, without costs.
Education Law § 912 provides, in pertinent part:
"The voters and/or trustees or board of education of every school district shall, upon request of the authorities of a school other than public, provide resident children who attend such school with any or all of the health and welfare services and facilities which are made available by such voters and/ or trustees or board of education to or for children attending the public schools of the district. Such services may include, but are not limited to all services performed by a physician, physician assistant, dentist, dental hygienist, registered professional nurse, nurse practitioner, school psychologist, school social worker or school speech therapist, and may also include dental prophylaxis, vision and hearing screening examinations, the taking of medical histories and the administration of health screening tests, the maintenance of cumulative health records and the administration of emergency care programs for ill or injured students. Any such services or facilities shall be so provided notwithstanding any provision of any charter or other provision of law inconsistent herewith."
The plain language of the statute requires school boards to provide "health and welfare services and facilities" in "essentially the same manner and to the same extent as they are offered to students in the school district's public schools" (Matter of Richard K. v Petrone, 31 AD3d 181, 183-184 [2d Dept 2006]). The "health and welfare services" expressly covered include "health screening tests." Hence, the statute's plain language encompasses the random in-school Covid-19 screening tests at issue on this appeal.
We reject respondents' contention that section 912 must be construed as permitting only health screening tests which primarily benefit the child, so as to avoid running afoul of the Establishment Clause.[FN1] Respondents do not explain how randomized in-school Covid-19 screening tests would have "a primary effect that advances religion," the touchstone of the Establishment Clause (Committee for Pub[*2]. Educ. & Religious Liberty v Nyquist, 413 US 756, 774 [1973]).
Respondents' argument that the random Covid testing is not "made available" to children, as required by section 912, because they cannot request such testing at their school upon demand, is unavailing. This is a strained construction of the phrase "made available." Moreover, respondents' "made available" argument ignores the broader language of the statute. Section 912 directs that the health and welfare services must be provided to resident children not upon request of the children, but rather "upon request of the authorities of a school other than public" (Education Law § 912). Here, petitioner charter schools have requested that the City provide the Covid screening testing available to the children at their schools in the same manner as that testing is made available to children attending public schools.
We also reject respondents' argument that sound policy supports their decision to provide testing in ordinary public schools and not charter and other nonpublic schools. There is no basis for assessing the policy justifications behind respondents' decision to provide testing only at public schools. Notwithstanding, expense or administrative difficulties section 912's plain language requires that Covid testing be provided to all resident children to the same extent and in the same manner as it is made available to children attending public schools.
We agree with respondents that Supreme Court erred in directing the City to provide Covid testing not only to children but also to charter school staff, and charter schools which are not parties to this proceeding. Section 912 by its terms directs the school district to provide covered services to "resident children who attend" nonpublic schools, to the same extent such services are provided to children attending public schools (Education Law § 912). The statute does not require that such services be
provided to staff or anyone else other than resident children. Accordingly, we modify the judgment, to limit relief to children attending petitioners' charter schools, and not to children attending nonparty charter schools, nor to staff at any school. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: June 24, 2021



Footnotes

Footnote 1: For purposes of section 912, "school other than public" includes charter schools as well as other nonpublic schools, including parochial schools (see Education Law § 2853[4]).